UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| DEBORAH MANEY, | ) |
|---|---|
| Plaintiff, | ) |
| | ) No. 3:25-cv-01130 |
| v. | ) |
| | ) |
| POLICE OFFICERS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Pro se Plaintiff Deborah Maney, a resident of Nashville, Tennessee, filed this complaint against "Police Officers" and Officers f/n/u Kendall, Fritz, Azuz, Frencheskin, Hutchinson, and Miller pursuant to 42 U.S.C. § 1983. (Doc. No. 1).

## I. FILING FEE

Plaintiff submitted an Application for Leave to Proceed In Forma Pauperis ("IFP Application"). (Doc. No. 2). The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). Section 1915 is intended to insure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation. Neitzke v. Williams, 490 U.S. 319, 324 (1989); Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948). Pauper status does not require absolute destitution. Adkins, 335 U.S. at 339; Foster v. Cuyahoga Dep't of Health and Human Servs., 21 F. App'x 239, 240 (6th Cir. 2001). Rather, the relevant question is "whether the court costs can be paid without undue hardship." Foster, 21 F. App'x at 240. Proceeding in forma pauperis is a privilege, not a right, and "[t]he decision whether to permit a litigant to proceed [in forma pauperis] is within the Court's discretion." Id.

1

According to Plaintiff's IFP Application, her monthly income totals $967 from Supplemental Social Security payments; her monthly expenses total $690; she has $1600 in a bank account for "savings, daily expenses, and burial expenses", and she is "trying to save up for apartment"; and she is homeless. (Id. at 1-5). Because her IFP Application reflects that she lacks sufficient financial resources to pay the full filing fee without undue hardship, the IFP Application (Doc. No. 2) is **GRANTED**. The Clerk therefore is **DIRECTED** to file the complaint in forma pauperis. 28 U.S.C. § 1915(a).

## II. INITIAL SCREENING STANDARD

Congress enacted 28 U.S.C. § 1915, the federal in forma pauperis statute, seeking to "lower judicial access barriers to the indigent." Denton v. Hernandez, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" Id. at 31 (quoting Neitzke v. Williams, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which requires sua sponte dismissal of an action upon certain determinations. 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding in forma pauperis, the Court must review her complaint pursuant to 28 U.S.C. § 1915(e). Benson v. O'Brian, 179 F.3d 1014, 1016 (6th Cir. 1999). Under § 1915(e), the Court is required to screen in forma pauperis complaints and dismiss any complaint, or any portion thereof, if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); see also Hill v. Lappin, 630 F. 3d 468, 470-71 (6th Cir. 2010).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain: (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of

the claim showing that the plaintiff is entitled to relief, and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Although allegations in a pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), "liberal construction . . . has limits." Erwin v. Edwards, 22 F. App'x 579, 580 (6th Cir. 2001) (citing Franklin v. Rose, 765 F.2d 82, 85 (6th Cir. 1985). A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Barnett v. Luttrell, 414 F. App'x 784, 786 (6th Cir. 2011). District courts "have no obligation to act as counsel or paralegal" to pro se litigants. Pliler v. Ford, 542 U.S. 225, 231 (2004). Nor are they "required to create" a pro se litigant's claim for him or her. Payne v. Secretary of Treasury, 73 F. App'x 836, 837 (6th Cir. 2003). And pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011).

### III. ALLEGED FACTS

As best the Court can discern,[1] on an unspecified date, Defendant police officers removed Plaintiff from Skyline Hospital property, alleging that she was trespassing. The Complaint alleges that Plaintiff was at the hospital seeking an exam after having been raped. Officers Kendall, Fitz, and two unidentified security guards stole Plaintiff's "zip lock bag full of special money" which "was worth hundreds of millions—if not billions or more . . . ." (Doc. No. 1 at 3-4).

On what appears to have been a different day, Officers from the East Precinct[2] threw out Plaintiff's wagon, Holy Bible, and "other important documents". (Id. at 4). This, according to Plaintiff, has resulted in five of her federal lawsuits to go missing, including lawsuits about her

---

[1] Plaintiff's handwriting is difficult to read.

[2] The Court is unable to decipher the officers' names, although Plaintiff appears to refer to them in a parenthetical as "Tunnels". (Doc. No. 1 at 4).

3

Holy Bible, special money, and illegal body double. (Id.)

As relief, Plaintiff seeks charges against the named police officer Defendants and asks the Clerk to locate her missing lawsuits. (Id. at 5).

## IV. SCREENING OF THE IN FORMA PAUPERIS COMPLAINT

After conducting the initial screening pursuant to 28 U.S.C. § 1915(e)(2), the Court finds that the Complaint cannot survive screening under Section 1915(e)(2).

"It is axiomatic that a complaint under 42 U.S.C. § 1983 must show a causal connection between the named defendants and the alleged constitutional deprivation; the doctrine of respondeat superior has no application thereunder." Cox v. Barksdale, No. 86-5553, 1986 WL 18435, at *1 (6th Cir. Nov. 13, 1986) (citing Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984)); Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir. 1982). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974); see also LeMasters v. Fabian, No. 09-702 DSD/AJB, 2009 WL 1405176, at *2 (D. Minn. May 18, 2009) ("To state an actionable civil rights claim against a government official or entity, a complaint must include specific factual allegations showing how that particular party's own personal acts or omissions directly caused a violation of the plaintiff's constitutional rights.").

The Complaint does not state specific allegations against Defendant Officers Azuz, Frencheskin, Hutchinson, and Miller or state how they were directly involved in the alleged events. While the Court has a duty to construe pro se complaints liberally, Plaintiff is not absolved of her duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [her] claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).

Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" To state a claim for relief, a plaintiff must show how each defendant is accountable because that defendant was personally involved in the acts about which the plaintiff complains. See Rizzo v. Goode, 423 U.S. at 375-76. Plaintiff fails to state in the Complaint the grounds for seeking relief against Defendant Officers Azuz, Frencheskin, Hutchinson, and Miller. Accordingly, the claims against those defendants will be dismissed.

With respect to Plaintiff's allegations that unidentified officers removed her from the premises of Skyline Hospital, Plaintiff does not identify a constitutional right that she believes has been violated. The conduct alleged, even if true, does not appear to implicate constitutional rights. For example, Plaintiff does not allege she was arrested or physically restrained. She does not claim that an officer unlawfully searched her or used excessive force. Without more, her allegations do not rise to the level of a federal constitutional violation.

Regarding Plaintiff's property-related allegations, the Due Process Clause of the Fourteenth Amendment prohibits public officers from unlawfully taking a person's property. However, the Supreme Court has held that, where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property does not state a claim cognizable under the Due Process Clause of the Fourteenth Amendment. See Parratt v. Taylor, 451 U.S. 527, 543-44 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984).

Because Plaintiff's claims are premised upon allegedly unauthorized acts of state officials,[3] she must plead and prove the inadequacy of state post-deprivation remedies. See Copeland v.

---

[3] True, Plaintiff also alleges that two unidentified security guards, along with police officers, stole

5

Machulis, 57 F.3d 476, 479-80 (6th Cir. 1995). The Sixth Circuit has held that Tennessee's statutory remedy against local governments for loss of property affords an adequate remedy to return items either negligently or intentionally converted. Brooks v. Dutton, 751 F.2d 197, 199 (6th Cir. 1985). Here, the Complaint does not allege that Tennessee post-deprivation remedies are inadequate. Neither does the Complaint allege that Plaintiff has utilized the state post-deprivation remedies available to her. Thus, Plaintiff's Due Process claims will be dismissed.

## V. CONCLUSION

As explained above, the in forma pauperis Complaint is subject to dismissal under 28 U.S.C. 1915(e). Accordingly, this action is hereby **DISMISSED WITH PREJUDICE**.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

---

Plaintiff's "zip lock bag full of special money" which "was worth hundreds of millions—if not billions or more . . . ." (Doc. No. 1 at 3-4). Plaintiff does not name these or other security guards as Defendants to this case. In any event, this allegation strains credulity.